Phillip H. Stanfield, Bar #011729
David L. Stout, Jr., Bar #024857
Erik J. Stone, Bar #027805
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1745
Fax: (602) 200-7877
pstanfield@jshfirm.com
dstout@jshfirm.com
estone@jshfirm.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sydnie Marie James, a single woman, | No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| Juan Morales d/b/a Second Generation Trucking, LLC, a foreign limited liability company; Louis Morales and Jane Doe Morales, husband and wife; Juan Morales and Jane Doe Morales, husband and wife; John and Jane Does I-X; Black and White Partnerships I-X; and ABC Corporations I-X, | |
| Defendants. | |

Defendants Juan Morales and Louis Morales, residents of New Mexico, and Juan Morales d/b/a Second Generation Trucking, a New Mexico limited liability company with its principal place of business in Las Cruces, New Mexico (collectively "Defendants"), remove this action brought by Plaintiff Sydnie Marie James, an Arizona resident, from the Superior Court for Maricopa County, numbered as CV2021-095803, to this United States District Court for the District of Arizona on the grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendant states as follows:

10446251.1

## I. PROCEDURAL HISTORY

1. On March 7, 2022, Defendant Juan Morales (and Jane Doe Morales) was served, as an out-of-state defendant, with a copy of the Summons, Complaint, and Certificate of Compulsory Arbitration. *See* Affidavit of Completion of Service Upon Out of State Defendants by USPS Signature Received and Personal Process Service, attached in Exhibit A.

2. On March 7, 2022, Defendant Second Generation Trucking, LLC was served, as an out-of-state defendant, with a copy of the Summons, Complaint, and Certificate of Compulsory Arbitration. *See* Affidavit of Completion of Service Upon Out of State Defendants by USPS Signature Received and Personal Process Service, attached in Exhibit A.

3. On March 8, 2022, Defendant Louis Morales (and Jane Doe Morales) was served, as an out-of-state defendant, with a copy of the Summons, Complaint, and Certificate of Compulsory Arbitration. *See* Affidavit of Completion of Service Upon Out of State Defendants by USPS Signature Received and Personal Process Service, attached in Exhibit A.

4. All Defendants in this action have now been served.

5. A responsive pleading has not yet been filed.

## II. TIMELINESS OF REMOVAL

6. Under 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

7. As provided in Paragraph 1 above, Defendant Juan Morales was served with the Complaint on March 7, 2022. Accordingly, the 30-day period for removal under 28 USC 1446(b)(1) expires April 6, 2022, unless time is otherwise extended.

8. As provided in Paragraph 2 above, Defendant Second Generation Trucking, LLC was served with the Complaint on March 7, 2022. Accordingly, the 30-

10446251.1

day period for removal under 28 USC 1446(b)(1) expires April 6, 2022, unless time is otherwise extended.

9. As provided in Paragraph 3 above, Defendant Louis Morales was served with the Complaint on March 8, 2022. Accordingly, the 30-day period for removal under 28 USC 1446(b)(1) expires April 7, 2022, unless time is otherwise extended.

10. This Notice of Removal is filed within thirty (30) days after the Complaint was served on all Defendants and, therefore, is timely. *See* 28 U.S.C. § 1446(b)(1).

11. A Notice of Filing Notice of Removal was filed with the Superior Court in and for Maricopa County. *See* Notice of Filing Notice of Removal (excluding exhibits), attached as Exhibit B.

### III.  BASIS OF REMOVAL

12. Defendants remove this case to federal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

13. Removal is proper under diversity jurisdiction.

14. Plaintiff's Complaint asserts that Plaintiff is "residing in Maricopa County, Arizona." *[Complaint at ¶ 1]* Plaintiff further asserts that Defendant Second Generation Trucking, LLC "is a foreign limited liability company, doing business in Dona Ana County, New Mexico." *[Complaint at ¶ 2]* Plaintiff also asserts that Defendant Louis Morales and Jane Doe Morales are "residing in Dona Anna County, New Mexico." *[Complaint at ¶ 3]* Lastly, Plaintiff asserts that Defendant Juan Morales and Jane Doe Morales are "residing in Dona Anna County, New Mexico." *[Complaint at ¶ 5]*

15. Consistent with Plaintiff's assertions in the Complaint, Defendant Second Generation Trucking, LLC affirmatively alleges that it is indeed a New Mexico limited liability company with its principal place of business in Las Cruces, New Mexico. For diversity purposes, corporations are citizens of their state of incorporation and the state in which they have their principal place of business. 28 U.S.C. § 1332(c).

10446251.1

16. Consistent with Plaintiff's assertions in the Complaint, Defendant Juan Morales affirmatively alleges that he is domiciled in the state of New Mexico. He permanently resides in Las Cruces, New Mexico, and has since approximately 1994. He has no other places of residence and pays all of his taxes in the state of New Mexico.

17. Consistent with Plaintiff's assertions in the Complaint, Defendant Louis Morales affirmatively alleges that he is domiciled in the state of New Mexico. He permanently resides in Las Cruces, New Mexico, and has since approximately 2001. He has no other places of residence and pays all of his taxes in the state of New Mexico.

18. There is complete diversity between Plaintiff and Defendants. All Defendants consent to removal. In respect of 28 USC 1446 (2)(A), there are no other defendants to join in or consent to removal of this action. In respect of 28 USC 1441(b)(2), Defendants are not citizens of Arizona.

*19*. Defendants avow that the amount in controversy is in excess of "$75,000 exclusive of interest and costs" as set out in 28 USC 1332(a). Indeed, Plaintiff has already demanded $450,000.00 to settle this case.

20. Based on the above, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

21. Attached to this Notice of Removal are the following:

    a. All pleadings filed in this action in the Superior Court of Maricopa County. *[Exhibit A – Superior Court Pleadings]*

    b. The Notice of Filing Notice of Removal as filed in the Superior Court action. *[Exhibit B – Notice of Filing Notice of Removal]*

22. Copies of this Notice of Removal are concurrently being served on Plaintiff through opposing counsel and delivered to the Superior Court of Maricopa County for lodging.

**WHEREFORE**, Defendants request that the above action now pending in the Superior Court in and for Maricopa County be removed to this Court.

10446251.1

DATED this 6th day of April, 2022.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Erik J. Stone
    Phillip H. Stanfield
    David L. Stout, Jr.
    Erik J. Stone
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Peter M. Gorski, Esq.
LAW OFFICE OF PETER GORSKI, P.L.C.
1820 E. Ray Road
Chandler, Arizona 85225-7878
Attorney for Plaintiff

s/Kadie G. Lewis

10446251.1